**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-2076**

NAUTILUS INSURANCE COMPANY,

Plaintiff - Appellee,

v.

GC&P DEVELOPMENT, LLC; GC&P AGGREGATES, LLC; GACS, L.P.; KEVIN P. COYNE, SR., individually,

Defendants - Appellants,

and

WOODSDALE UNITED; DALE TRAVIS, and; SHARON TRAVIS, husband and wife,

Defendants,

v.

GLESSNER WHARTON & ANDREWS INSURANCE, LLC,

Third Party Defendant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Irene M. Keeley, Senior District Judge. (5:17-cv-00060-IMK)

Submitted: April 29, 2021            Decided: May 19, 2021

Before GREGORY, Chief Judge, AGEE, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Hooper, OBERMAYER REBMANN MAXWELL & HIPPEL LLP, Pittsburgh, Pennsylvania, for Appellants. Lee Murray Hall, Sarah A. Walling, JENKINS FENSTERMAKER, PLLC, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

GC&P Development, LLC, GC&P Aggregates, LLC, GACS, L.P., and Kevin P. Coyne, Sr., appeal the district court's order granting summary judgment to Nautilus Insurance Company. Nautilus sought a declaratory judgment that it did not have a duty to defend or indemnify the Appellants related to a civil action filed in state court against them. The Appellants argue that the district court erred in determining that the claims alleged in the underlying complaint against them did not constitute an "occurrence" under West Virginia law. We affirm.[*]

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of America v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We will uphold the district court's grant of summary judgment unless we find that a reasonable jury could return a verdict for the nonmoving party on the evidence presented. *See Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 423 (4th Cir. 2018). "We also review de novo the district court's contract interpretation

---

[*] Although not raised in the district court, we noted a potential defect in the declaratory judgment proceedings concerning subject matter jurisdiction. We directed the parties to file supplemental memoranda addressing subject matter jurisdiction and are now satisfied that the parties adequately established diversity jurisdiction.

3

underlying its summary judgment ruling." *Young v. Equinor USA Onshore Props., Inc.*, 982 F.3d 201, 205-06 (4th Cir. 2020).

We have reviewed the record and conclude that the district court correctly determined that Nautilus was entitled to summary judgment, as there was not an "occurrence" triggering coverage under the subject policy. Based on this determination, the court properly found it unnecessary to address the scope of the policy's coverage exclusions. Accordingly, we affirm for the reasons stated by the district court. *Nautilus Ins. Co. v. GC&P Dev., LLC*, No. 5:17-cv-00060-IMK (N.D.W. Va. Aug. 27, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*